**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID CARL MCINTOSH,** | § | |
| **Movant** | § | |
| | § | |
| **V.** | § | **A-08-CA–165-JN** |
| | § | **(A-98-CR-171(3)-JRN)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE JAMES R. NOWLIN
        SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are:  Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28
U.S.C. § 2255 (Clerk's Doc. No. 151) filed February 28, 2008; the Government's Response (Clerk's
Doc. No. 165) filed May 15, 2008; and Movant's Reply (Clerk's Doc. No. 157) filed June 18, 2008.
 The undersigned submits this Report and Recommendation to the United States District Court
pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United
States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to
United States Magistrate Judges, as amended.

**I.  BACKGROUND**

On August 11, 1998, Movant David McIntosh was charged in a twenty-five count indictment
with: conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 (count one); aiding and
abetting in the commission of mail fraud, in violation of 18 U.S.C. §§ 1341 & 2 (counts two through
four); aiding and abetting in the commission of wire fraud, in violation of 18 U.S.C. §§ 1343 & 2
(counts eight through fifteen); aiding and abetting in the interstate transportation of fraudulently

taken property, in violation of 18 U.S.C. §§ 2314 & 2 (counts eight through fifteen); conspiracy to launder money instruments, in violation of 18 U.S.C. § 1956(h) (count sixteen); aiding and abetting in money laundering on or about March 17, 1994, in violation of 18 U.S.C. §§ 1957 & 2 (counts seventeen through twenty-one); and aiding and abetting in money laundering on or about April 12, 1994, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), 1956(B)(I) & 2 (counts twenty-two through twenty-five).

McIntosh pled not guilty on all counts and proceeded to trial on March 6, 2000, before the Honorable James R. Nowlin. After a five-day jury trial, on March 10, 2000, the jury found McIntosh guilty of all counts to the indictment with the exception of count five. On September 26, 2006, Judge Nowlin sentenced McIntosh to 60 months for count one, 168 months for counts two through four and counts six through seven, 120 months on counts eight through fifteen, 168 months for count sixteen, 120 months for counts seventeen through twenty-one, and 168 months for counts twenty-two through twenty-five, followed by a five-year term of supervised release, a special assessment of $1,200.00 and restitution in the amount of $2,579,475.84 jointly and severally with his co-conspirators.

McIntosh timely filed a notice of appeal on September 26, 2000. On October 31, 2000, the Fifth Circuit Court of Appeals Dismissed McIntosh's appeal for failure to timely order transcripts and make financial arrangements with the court reporter. On March 16, 2001, McIntosh's appeal was reinstated. On February 12, 2002, the Fifth Circuit Court of Appeals affirmed McIntosh's conviction and sentence.

Now before the Court is McIntosh's 28 U.S.C. § 2241 motion filed February 28, 2008, over six years after his appeal was final.  The Court has construed the motion as one to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In his current motion, McIntosh claims that: (1) the government improperly withheld exculpatory and/or impeachment evidence; (2) the government knowingly used false testimony, which included the testimony of co-conspirator Sidney Ketchem; (3) the government misrepresented sentencing facts and rewards to co-conspirator Katchem; (4) he is actually innocent of counts eight, ten, and thirteen through twenty-five of the indictment; (5) his sentence exceeded the statutory maximum for wire as well as mail fraud; (6) there were no judicial limiting instruction on the government's "after the crime" Rule 404(b) evidence; (7) some of co-conspirator Katchem's crimes could not be used to convict him or increase his sentence; (8) the district court lacked venue to permit his conviction on wire fraud charges; (9) the improper joinder of the charges requires reversal on counts eight through twenty-five of the indictment, and his counsel was ineffective for failing to object to venue in that regard; (10) he was actually innocent of certain acts and facts which were used to enhance his sentence; (11) he was actually innocent of relevant conduct which directly increased his sentence; (12) the improper inclusion of Katchem's conspiracy loss totaling $1,648,968.70 unlawfully increased his sentence by 33 months; (13) he was actually innocent of the leader/organizer enhancement; (14) he should be re-sentenced for the offense levels determined and the restitution order which exceeded the scope of the indictment; and (15) the government should be barred from asserting any statute of limitations defense in his case.

3

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited:  "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary.  *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

## III.  ANALYSIS

Petitioner filed his Motion to Vacate pursuant to 28 U.S.C. § 2241.  However, Petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his conviction.  Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Relief under this

4

section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

As petitioner attacks the legality of his conviction and sentence, his petition should be construed as a motion to vacate, set aside or correct sentence. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on § 2255 motions. *See United States v. Riggs*, 314 F.3d 796, 798 (5th Cir. 2002). Section 2255 provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's judgment of conviction became final on February 12, 2002, when the Fifth Circuit Court of Appeals affirmed his conviction and sentence. However, Movant argues that the limitations period should be tolled to February 28, 2007, the date when his attorney received a letter from Mark Thompson. That letter describes how a gas well investment ("the Jolly wells") that McIntosh was "involved in" was a financial success to its investor participants. He asserts that this date is when

the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.

The Court has reviewed the evidence that McIntosh presented and finds that, as described by McIntosh himself, that investment was taken over by another company who showed profits years after McIntosh's indictment and subsequent conviction.  Although Movant has presented facts that might have changed regarding that particular gas investment after the passage of time, McIntosh has failed to present evidence that the facts related to his conviction were incorrect at the time of his trial.  This is not "new evidence" – this is evidence of a changed circumstance which will not toll the limitations period.

Additionally, Petitioner complains that his co-conspirator Sidney Katchem told him in phone conversations held in 2006 while both were imprisoned, that Katchem had changed his story at trial about the commission structure under which both were convicted.  *See* Brief at p. 13.  Petitioner complains that Katchem's debriefing statement, which would have reflected the Government's shaping of Katchem's testimony,  was improperly suppressed and not turned over prior to trial. However, Petitioner offers no evidence of what was contained in this debriefing statement other than his own statements relating  what Katchem allegedly told him on the telephone.  He does not offer the actual debriefing statements, nor does he present an affidavit, declaration, or even a letter from Katchem recanting his trial testimony and supporting Petitioner's claims.  Thus Petitioner has failed to offer any new evidence on this issue.

Lastly, to the extent Petitioner claims Katchem  was lying at trial, Petitioner was present at trial and should have known at that time that Katchem was lying about the manner in which their business was structured and could have raised this issue on appeal, if not at trial.  The Court finds

6

that Petitioner has proffered no new evidence that could not have been discovered through the exercise of due diligence sufficient to toll the statute of limitations. Accordingly, the Court finds that the one year statute of limitations is applicable and the motion to vacate, set aside, or correct sentence is correctly dismissed as untimely.

Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver,* 211 F.3d at 877. A petition filed under § 2241 such as this, which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. In an effort to circumvent the fact that his Motion to vacate is time-barred. Movant argues that he is bringing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because § 2255 is inadequate in Petitioner's situation.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was

foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904.

Petitioner's argument that he meets the "savings clause" of 28 U.S.C. § 2255 is not persuasive.  To meet the first prong of the *Reyes-Requena* test, Petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner has not based his claim on a retroactively applicable United States Supreme Court case, nor was he convicted of a nonexistent crime.  *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the Petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense."); *see also Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001) (The *Jeffers* Court concluded that simply because Jeffers' jury was not instructed that it had to convict him unanimously on each of the specific violations that made up the alleged continuing series of violations, this did not amount to a claim that he was convicted of a "nonexistent offense" as required by *Reyes-Requena*).  Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test.  Accordingly, Petitioner does not meet the criteria required to support a claim under the savings clause of § 2255   Thus, the Petition should be dismissed.

### III.  RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** David Carl McIntosh's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 151) **WITH PREJUDICE.**

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of June, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

9